UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION No. 2:19-00163

KEVIN MICHAEL HUFFMAN

MEMORANDUM OPINION AND ORDER

Pending are the following motions:

1.    Defendant Kevin Michael Huffman's ("Huffman") Motion
      for Compassionate Release (ECF No. 45), filed on
      December 17, 2020;

2.    Huffman's Motion to Add to Compassionate Release (ECF
      No. 66), filed February 28, 2022;

3.    Huffman's Motion to Submit New Evidence for
      Compassionate Release (ECF No. 68), filed April 27,
      2022; and

4.    Huffman's Motion to Submit Newly Discovered Evidence
      for Compassionate Release (ECF No. 69), filed July 18,
      2022.

      The court is also in receipt of a Letter of Notice

(ECF No. 63), filed on September 10, 2021, and Huffman's letter-

form document containing further arguments in support of

compassionate release (ECF No. 64), filed December 27, 2021.

I. Background

On November 4, 2019, Huffman pled guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  ECF No. 31; ECF No. 32.

On February 6, 2020, this court sentenced Huffman to 120 months imprisonment (comprised of 60 months on each count to be served consecutively) followed by 5 years of supervised release.  ECF No. 38.

According to the Federal Bureau of Prisons ("BOP"), Huffman's projected release date is December 9, 2027.  Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/ inmateloc/(last visited July 19, 2022).  He is currently incarcerated at FCI Gilmer.  Id.

Huffman's motions ask the court to grant compassionate release based on concerns stemming from the COVID-19 pandemic. Huffman pleads that he is an African American male with hypertension, asthma, chronic lung disease scarring, hyperinflated lungs, productive dyspnea, COPD, and pre-diabetes.

Huffman has provided the court with medical records from the BOP that show a self-reported history of "lung scarring."  See ECF No. 45, at 31, 34, 51.  Huffman's BOP medical records also indicate that he has been diagnosed with essential hypertension, asthma, major depressive disorder, breathing difficulties, psoriasis, prediabetes, hypothyroidism, and inguinal hernia.  See, e.g., ECF No. 45, at 31–39; ECF No. 66, at 6–11.  Huffman is prescribed an albuterol inhaler for his asthma.  See ECF No. 66, at 10.

Huffman does not have a documented diagnosis of COPD, but a November 2, 2021 medical record from the BOP indicates that chest x-rays were ordered for "Asthma, ? COPD/emphysema." Id. at 11.

In addition to his medical conditions, Huffman asserts that he has not received the COVID-19 vaccine because he had an allergic reaction to the "MMR vaccine" when he was a year old. ECF No. 63, at 1–2.

Finally, Huffman has submitted numerous emails from the Director of Research at De Paul Law School, Derek Gilna, JD, which appear to provide updates on COVID-19 conditions in federal prisons and other prison-related legal news.  See ECF No. 66, at 15–33; ECF No. 68-1, ECF No. 69-1.

## II.  Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence.  18 U.S.C. § 3582(c).  In December 2018, however, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances.  First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[1] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has clarified that at the current time there are no "applicable policy statements issued by the Sentencing Commission."  See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020).  Accordingly, the court is not limited by an enumerated list of reasons that warrant relief and

---

[1] Huffman suggests that he has exhausted his administrative remedies by requesting release from the warden at FCI Gilmer. The warden denied Huffman's request on September 1, 2020.  ECF No. 45, at 30.

"enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

### III. Analysis

With regard to claims that compassionate release is warranted due to the COVID-19 pandemic, courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical conditions increases that individual's risk of experiencing a serious or even fatal, case of COVID-19.").

Even if the court were to conclude that Huffman's medical conditions increase his risk of experiencing serious illness should he contract COVID-19, the court finds that Huffman has failed to establish that he has a particularized risk of contracting COVID-19 at his prison facility.

As of July 19, 2022, the Bureau of Prisons reports that there are 0 confirmed open cases of COVID-19 amongst inmates and 1 case amongst staff at FCI Gilmer.  COVID-19 Cases, BOP, https://bop.gov/coronavirus (last visited July 19, 2022).

When the low numbers of COVID-19 reported by the BOP at FCI Gilmer are compared with the widespread presence of COVID-19 outside the prison system, the court simply cannot find that Huffman is more likely to contract COVID-19 at his prison facility than he would if released.  See COVID Data Tracker, CDC, https://covid.cdc.gov/covid-data-tracker/#trends_dailycases (last visited July 19, 2022) (showing upward trend in COVID-19 infections nationwide).  Accordingly, Huffman has failed to establish extraordinary and compelling reasons that warrant compassionate release based on concerns arising from the COVID-19 pandemic.

To the extent Huffman has asserted that compassionate release is appropriate based on his medical conditions, the court finds that Huffman's proffered illnesses do not appear to be so serious that he has been unable to provide self-care while incarcerated.  Moreover, Huffman's medical records reflect that he is receiving adequate treatment for his illnesses from the BOP.  Accordingly, the court concludes that Huffman's medical

6

conditions, as pled, are not so extraordinary and compelling as to warrant compassionate release.

Inasmuch as the court finds that release is not warranted under § 3582(c), the court does not address whether release would be consistent with the factors set forth in § 3553(a).

## IV.   Conclusion

In light of the forgoing, the court ORDERS that:

1. Huffman's Motion to Add to Compassionate Release (ECF No. 66), Motion to Submit New Evidence for Compassionate Release (ECF No. 68), and Motion to Submit Newly Discovered Evidence for Compassionate Release (ECF No. 69) be, and hereby they are, granted; and

2. Huffman's Motion for Compassionate Release (ECF No. 45) be, and hereby it is, denied.

The Clerk is directed to transmit copies of this order to the defendant and all counsel of record.

ENTER: July 20, 2022

John T. Copenhaver, Jr.
Senior United States District Judge

7