UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**KEVIN MICHAEL HUFFMAN,**

      Movant,

v.                          Civil Action No. 2:21-cv-00129
                            Criminal Action No. 2:19-cr-00163-1

**UNITED STATES OF AMERICA,**

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the objections of movant, Kevin Michael Huffman, (ECF 67), to the Proposed Findings and Recommendations ("PF&R") of Magistrate Judge Cheryl A. Eifert, (ECF 65), recommending granting respondent's request for dismissal[1] and denying the motion of Mr. Huffman filed pursuant to 28 U.S.C. § 2255.

This civil action arises out of Mr. Huffman's conviction in criminal case number 2:19-cr-00163-1. The PF&R thoroughly and accurately recounts the procedural and factual

---

[1] The magistrate judge ordered respondent to answer the motion filed by Mr. Huffman. See ECF 48. Respondent filed a "Response in Opposition to Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255," wherein respondent requested dismissal of movant's motion. ECF 61 at 10.

background to this civil action.  ECF 65 at 2-6.[2]  There being no objection to these findings, the court adopts the procedural and factual background found in the PF&R.  The court will briefly discuss the facts relevant to the present action.

On June 26, 2019, petitioner was indicted with four counts of possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1)(Counts 1, 4, 5, 6), two counts of possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c)(1)(A)(Counts 2, 7) and two counts of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1)(Counts 3, 8).  Crim. Case No. 2:19-cr-00163-1, ECF 1.

On October 31, 2019, petitioner executed a guilty plea, in which he agreed to plead guilty to Counts 1 and 2.  Crim. Case No. 2:19-cr-00163-1, ECF 32.  A plea hearing was held before the court on November 4, 2019.  See Crim. Case No. 2:19-cr-00163-1, ECF 30.  During the hearing, a Rule 11 plea colloquy occurred wherein the court discussed each paragraph of the plea agreement with Mr. Huffman.  See Crim. Case No. 2:19-cr-00163-1, ECF 52 at 15-30. The court emphasized to Mr. Huffman the maximum penalty of 20 years imprisonment that could be imposed on Count 1 and the statutory mandatory minimum penalty of 5 years

---

[2] Unless otherwise indicated all ECF citations refer to the civil action presently before the court.

imprisonment that must be imposed on Count 2 and which must run consecutive to the prison term imposed on Count 1, all of which he said he understood.  See id. at 15-16; 35-36.

Later in the hearing, Mr. Huffman responded in the affirmative, when asked by the court if he was satisfied with the performance of his attorney, if he believed his attorney spent sufficient time developing his case with him, and if he believed that his attorney "fully and fairly" represented him. Id. at 38.  The movant also affirmatively stated that his guilty plea was offered on his own free will and was voluntarily made. Id.  On February 20, 2020, Mr. Huffman was sentenced to a 5-year term of imprisonment on Count 1 and to the 5-year mandatory minimum term on Count 2 to run consecutively to Count 1, for a total term of imprisonment of ten years.  Crim. Case No. 2:19-cr-00163-1, ECF 37, 38.

Mr. Huffman's motion filed pursuant to 28 U.S.C. § 2255, alleges he received ineffective assistance of counsel, and advances the following grounds in support, all of which have been dealt with by the magistrate judge.  First, he alleges "Constructive Denial of Counsel" because injuries prevented him from conferring with counsel "for two months," following his arrest in July 2019.  ECF 46 at 2.  This contention is unavailing as his guilty plea was not received until October 31,

2019, well after the lapse of the "two months" period. Further, Mr. Huffman stated during his Rule 11 plea colloquy that he believed, as just noted, that his counsel spent a sufficient amount of time developing his case with him.

Next, he claims his counsel gave him "Misadvice [sic] about a likely Sentence." Id. at 2-3. This argument is without merit, as any incorrect advice Mr. Huffman asserts was given him by his counsel[3] was corrected by the court's Rule 11 plea colloquy and Mr. Huffman's admissions during the plea hearing. During the hearing the following exchanges occurred between the court and Mr. Huffman:

> Q (the court): Paragraph 3 states the maximum potential penalty, as well as the mandatory minimum, to which you're subject as a result of your guilty plea to those two counts. Count One carries with it a penalty of imprisonment as long as 20 years; a fine as much as $1 million; a term of supervised release of at least three years, and that means it may be as long as life.
>
> A (Mr. Huffman): Yes, Your Honor.

Crim. Case No. 2:19-cr-00163-1, ECF 52 at 16:12-19.

. . .

---

[3] Mr. Huffman was represented by Assistant Federal Public Defender, Lex Coleman. On March 10, 2021, the magistrate judge ordered Mr. Coleman to file an affidavit responding to Mr. Huffman's ineffective assistance of counsel claim. ECF 51. In the affidavit Mr. Coleman fully rebuts the contentions of Mr. Huffman. See ECF 56.

> Q (the court):  Do you understand all that relates to Count One?
>
> A (Mr. Huffman):  Yes, Your Honor.
>
> Q (the court):  Count Two carries with it imprisonment for a mandatory term of five years, and as long as life imprisonment.  Do you understand that?
>
> A (Mr. Huffman):  Yes, sir.

Id. at 16:25-17:6.

. . .

> Q (the court):  Then when you add all that together, the combination is this: That you're subject to a term of imprisonment for as long as 20 years on Count One, and whatever that term of imprisonment is, the Court will add to it a term of imprisonment on Count Two, and that will be at least another five years, at a minimum, and it could be as long as life.  Do you understand that?
>
> A (Mr. Huffman):  Yes, sir.

Id. at 17:12-19.  Mr. Huffman's admissions during his plea hearing clearly demonstrate that he understood the range of sentences he was facing should he plead guilty.

Finally, he argues his counsel was ineffective when he failed to object on the ground that the firearm was "not actively" used, a contention also unavailing inasmuch as active use of a firearm is not required for a conviction under 18 U.S.C. § 924(c)(1)(A).  The firearm charge was amply supported by the Stipulation of Facts signed by Mr. Huffman and attached to his plea agreement wherein he stated that he "possessed the

5

firearm in order to protect myself from anyone who might try to steal the narcotics or money located in my vehicle." Crim. Case No. 2:19-cr-00163-1, ECF 32, Exhibit A.

Currently before the court are Mr. Huffman's objections to the magistrate judge's PF&R. ECF 67.

Upon an objection to the PF&R, the court reviews de novo "those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). General objections which fail to address portions or specified proposed findings or recommendations "do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review." Elswick v. Plumley, No. 2:14-CV-29300, 2022 WL 2919291, at *1 (S.D.W. Va. July 25, 2022) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection."); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (noting de novo review is unnecessary

"when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any explanation for adopting the [PF&R]." United States v. Hernandez-Aguilar, 359 F.Supp.3d 331, 334 (E.D.N.C. 2019).

The court must first determine if Mr. Huffman's objections were timely filed. Because the PF&R was served on Mr. Huffman by mail his objections were due by March 7, 2022. ECF 65 at 17-18. The Clerk did not enter the objections onto the docket until March 9, 2022. ECF 67. Because Mr. Huffman is incarcerated his objections are deemed filed when he delivers the document to prison authorities for forwarding to the Clerk. Houston v. Lack, 487 U.S. 266 (1988); Rivera v. Virginia Dep't of Corr., 693 Fed. Appx. 240 (4th Cir. 2017).

While there is no evidence in the record to determine when the objections were delivered to prison authorities, Mr. Huffman did sign a declaration as to the truthfulness of the substance of his objections on March 4, 2022. ECF 67 at 16. Inasmuch as this declaration was signed 3 days before his objections were due, the court finds Mr. Huffman's objections to have been timely filed.

The objections filed by Mr. Huffman are difficult to discern and fail to object to a specific finding or recommendation in the PF&R.  The objections are organized in three different sections with the following headings: (I) "Mr. Huffmans [sic] Plea of Guilt is Not Knowingly and Was Made Unintelligantly [sic] for Reasons that Follow," (II) "Counsel Should Have Produced 924(c) Defense," and (III) Counsels [sic] letter to Mr. Huffman Shows Sound Proof of Unproffessionalism [sic]; Conflict; and Disregard of Truth."  ECF 67.

As to the objections found under heading I, Mr. Huffman contends his plea was "not knowingly and was made unintelligantly [sic]" for two reasons.  First, he argues counsel "told [him] that if he pled guilty he would receive 70-87 months."  ECF 67 at 3.  This argument concerning the advice given by counsel regarding a likely sentence if he pled guilty, was raised in his § 2255 motion (ECF 46 at 3) and was thoroughly analyzed by the magistrate judge (ECF 65 at 11-15).  As noted above, during Mr. Huffman's Rule 11 plea colloquy, the court specifically told the movant of the possible maximum sentence of 20 years that he was facing by pleading guilty to Count 1, and the additional mandatory minimum sentence of 5 years on Count 2 that must run consecutive to the sentence on Count 1, all of which he said he understood.  Courts have noted "allegations in

a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemasters, 403 F.3d 216, 221 (4th Cir. 2005). Inasmuch as the contentions made by Mr. Huffman in his § 2255 motion directly contradict the sworn statements he made during his Rule 11 plea colloquy, the court finds such contentions to be "patently frivolous or false," and overrules the objection based on this ground.

Mr. Huffman's second argument under heading I concerns his counsel's failure to file motions to suppress evidence seized from an alleged unlawful search and seizure. ECF 67 at 3-6. This ground was not raised in his § 2255 motion, and was not considered by the magistrate judge. Accordingly, the court finds relief is not warranted on this ground. See Lemasters, 403 F.3d 216 (4th Cir. 2005).

Moving to heading II of the objections, Mr. Huffman first argues his conviction "under section 924(c) cannot be sustained," because his possession of "the gun was not shown to be in furtherance of any criminal activity." ECF 67 at 7. This claim was raised in his § 2255 motion (ECF 46 at 3) and was considered by the magistrate judge (ECF 65 at 15-17). As discussed above this argument is without merit because active

9

use of a firearm is not required for a conviction under 18 U.S.C. § 924(c)(1)(A).  It suffices that he admittedly used the firearm to protect against theft of his narcotics.

Mr. Huffman's second argument under heading II appears to be completely unrelated to the "section 924(c)" claim raised in his § 2255 motion.  Rather, he states at "the time of [his] guilty plea he was never informed that pleading guilty to a 924(c) would disqualify him from the First Step Act and Federal time credits."  ECF 67 at 8-9.  This ground was not presented in his § 2255 motion and was not considered by the magistrate judge.  Accordingly, the court finds relief is not warranted on this ground.

Turning to heading III, Mr. Huffman contends a letter from his counsel provides "sound proof of unproffessionalism [sic]; conflict; and disregard of truth."  ECF 67 at 10.  The court interprets the inclusion of this letter as an attempt by Mr. Huffman to provide proof of counsel's deficient performance. The letter shows quite the opposite and provides no support for this contention.  <u>See</u> ECF 67, Ex. B.  Additionally, as the court has already shown, during his Rule 11 plea colloquy Mr. Huffman expressed satisfaction with counsel's performance.

Finally, the court has considered whether to grant Mr. Huffman a certificate of appealability.  28 U.S.C. § 2253(c).  A

certificate is not granted absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists could debate whether or find that the petition should have been resolved differently or that the issues merit further consideration. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance.

    Accordingly, the court orders as follows:

1. That the magistrate judge's PF&R be, and it hereby is adopted in its entirety.
2. Respondent's request for dismissal (ECF 61) is GRANTED.
3. Movant's "Motion to vacate, set aside, or correct sentence" pursuant to 28 U.S.C. § 2255 (ECF 46) is DENIED.
4. Movant is DENIED a certificate of appealability.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

    ENTER: May 17, 2023

John T. Copenhaver, Jr.
Senior United States District Judge