UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  Criminal Action No. 2:19-cr-00163

KEVIN MICHAEL HUFFMAN

MEMORANDUM OPINION AND ORDER

Pending are defendant Kevin M. Huffman's pro se motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed on August 17, 2023, (ECF 85), and November 16, 2023, (ECF 86).

I.  Factual Background

On November 4, 2019, Mr. Huffman, now forty-one years of age, pled guilty to possession with intent to distribute methamphetamine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  ECF Nos. 31 and 32.  The court sentenced Mr. Huffman, on February 6, 2020, to 120 months of imprisonment

comprised of 60 months on each count to be served consecutively, followed by five years of supervised release.  ECF No. 38.

According to the Federal Bureau of Prisons ("BOP"), Mr. Huffman's projected release date is October 9, 2027.  Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited June 17, 2024).  He is currently incarcerated at Federal Correctional Institution (FCI) Elkton.  Id.  He was previously incarcerated at FCI Gilmer.  ECF 45.

On December 17, 2020, Mr. Huffman moved the court, pro se, for compassionate release due to the COVID-19 pandemic.  Id. On July 20, 2022, the court denied him compassionate release based on the low number of COVID-19 cases reported at FCI Gilmer as well as his "not so extraordinary and compelling" medical conditions.  ECF 70 at 5-7.

Currently before the court are the defendant's motions for compassionate release filed in August and November 2023, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  ECF 85, 86.  This time, he proposes several reasons he believes he is entitled to compassionate release pursuant to United States Sentencing Guidelines § 1B1.13.  First, he asserts he has worsening health conditions that are not properly addressed by the BOP.  ECF 85 at 3; ECF 86 at 7.  He also indicates that he continues to suffer from physical and mental health issues related to his

arrest. Next, he contends his parents' declining health necessitates his compassionate release, as he wishes to serve as their caretaker. Finally, Mr. Huffman points to his rehabilitation during his incarceration to support his position. He also challenges his conviction and the imposition of an enhancement upon his sentence and, through his August motion, requests appointment of counsel.

## II.  Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence. 18 U.S.C. § 3582(c). Congress enacted the First Step Act in December 2018, which amended 18 U.S.C. § 3582 and enables courts to reduce a term of imprisonment under certain circumstances. First Step Act of 2018, Pub. L. No. 115–391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[1] a court may reduce a sentence if it finds that extraordinary and compelling reasons warrant such a reduction, that reduction is consistent with the

---

[1] The record reflects that on May 3, 2023, Mr. Huffman requested compassionate release from the warden of his prison facility. See ECF 86 at 3. After his requests lapsed more than thirty days, he made his two motions to this court, as permitted by § 3582(c)(1)(A).

applicable policy statements issued by the Sentencing Commission, and that release is consistent with the factors listed under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

"[T]he district court enjoys broad discretion in conducting a § 3582(c)(1)(A) analysis." United States v. Jenkins, 22 F.4th 162, 169 (4th Cir. 2021). Still, "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).

United States Sentencing Guidelines § 1B1.13(b)(3)(C) establishes the applicable policy statement, titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)." Amendments to the Policy Statement took effect on November 1, 2023, which made it expressly applicable to defendant-filed motions under § 3582(c)(1)(A).[2] A court must

---

[2] Prior to the amendments to the effective date of the Policy Statement, the Fourth Circuit held that "[b]y its plain terms, . . . §1B1.13 [did] not apply to defendant-filed motions under § 3582(c)(1)(A)." United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020). There were no "applicable policy statement governing compassionate-release motions filed by defendants under . . . § 3582(c)(1)(A)." Id. at 284. Consequently, courts "enjoy[ed] broad discretion in conducting" compassionate release

ensure that any sentence reduction "is consistent with" the Policy Statement's provisions. 18 U.S.C. § 3582(c)(1)(A).

The Policy Statement identifies circumstances that constitute "extraordinary and compelling reasons" warranting a sentence reduction. The reasons argued by the defendant and pertinent to his motions include: (1) the defendant is suffering from a terminal illness or has another serious medical condition, § 1B1.13(b)(1); (2) the family circumstances of the defendant, § 1B1.13(b)(3); (3) the defendant was a victim of abuse during his imprisonment, § 1B1.13(b)(4); (4) or for "any other circumstance or combination of circumstances that . . . are similar in gravity" to the reasons in (1)-(4), § 1B1.13(b)(5).[3]

---

analysis and were not limited by an enumerated list of reasons that warrant relief. United States v. Kibble, 992 F.3d 326, 330-31 (4th Cir. 2021), cert. denied, 142 S. Ct. 383 (2021).

[3] The court notes that the defendant additionally seeks compassionate release on the basis that a change in law occurred so as to entitle him to relief. The court shall not consider a change in the law for purposes of determining whether an extraordinary and compelling reason exists under the policy statement. § 1B1.13(c). An exception exists under § 1B1.13(b)(6) if the defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, but only where the change would produce a gross disparity between the sentence being served and the likely sentence now. The court sentenced Mr. Huffman on February 6, 2020, and he has not served at least 10 years of the term of imprisonment. Thus, the court will not consider his arguments seeking compassionate release on the basis of a change in law.

III. Analysis

The movant for compassionate release bears the burden of establishing extraordinary and compelling reasons exist to warrant a sentence reduction. United States v. Centeno-Morales, 90 F.4th 274, 279 (4th Cir.2024); United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021). The court will consider each of Mr. Huffman's proposed reasons for compassionate release.

A. Medical Circumstances of the Defendant

Mr. Huffman maintains that he suffers from "several health conditions that are not properly being addressed and or taken care of by the B.O.P," warranting his compassionate release. ECF 85 at 3. He also contends that he "continues to suffer both physical and mental health issues stemming from his arrest on [July 23, 2019] where he was brutally assaulted by multiple officers." Id. at 4.

In his August 17, 2023 motion, Mr. Huffman indicates that his health conditions include a steady increase in blood pressure; chronic scarring of the lungs; asthma; hyperinflation of the lungs consistent with chronic obstructive pulmonary disease; shortness of breath; undisclosed "physical and mental issues stemming from his arrest" that he claims resulted from

his assault by multiple officers; and severe stomach problems which cause him extreme acid reflux, perhaps stemming from the prison water he claims is infested with H-pylori bacteria.[4] ECF 85 at 3-4. He asserts that he has not been provided a "breathing treatment" save for an inhaler for his asthma, and he has been prescribed a medication for acid reflux that should not be prescribed to asthmatics. See id.

In his November 16, 2023 motion, Mr. Huffman asserts that he "has a medical history of trauma." ECF 86 at 7. He references summaries of his medical history noted in connection with his sentencing to support his contention. See ECF 36 at 6 (his sentencing memorandum stating that Mr. Huffman has an astigmatism, allergies, chronic lung scarring, pain from injuries sustained during arrest, and post-traumatic stress disorder (PTSD) from his arrest); ECF 41 at ¶¶ 96, 108, 110 (his presentence investigation report indicating that Mr. Huffman was diagnosed with and medicated for PTSD because of his arrest, and he has struggled with substance abuse since the age of 15 years).

Relevant to Mr. Huffman's motion, Policy Statement § 1B1.13(b)(1) provides that extraordinary and compelling reasons

---

[4] Mr. Huffman asserts in his motion that he has tested negative for H-pylori bacteria. See id. at 5.

7

exist warranting a sentence reduction where the defendant is suffering from: (1) a terminal illness; (2) a serious physical or medical condition that substantially diminishes his ability to provide self-care while in prison and from which he is not expected to recover; or (3) a medical condition requiring long-term or specialized medical care that is not being provided and without which defendant risks serious deterioration in health. § 1B1.13(b)(1)(A)-(C).

First, Mr. Huffman is not suffering from a terminal illness. He does not allege that his mental or physical conditions are expectedly irreversible or substantially diminish his ability to self-care while in prison. Next, Mr. Huffman has not indicated that the BOP has failed to treat his myriad ailments, and he has provided the court with no evidence to support his contention that he is receiving insufficient medical care. Indeed, Mr. Huffman indicates that he has received medical treatment and additional testing upon request. See ECF 85 at 5. Furthermore, all deficiencies in treatment and quality of care that he alleges occurred at FCI Gilmer specifically are moot given his transfer to FCI Elkton. Finally, as the court found in its ruling regarding Mr. Huffman's prior motion for compassionate release, Mr. Huffman's medical conditions are "not

so extraordinary and compelling", ECF 70 at 5-7, so as to warrant compassionate release.

Because Mr. Huffman fails to assert medical conditions that satisfy the conditions enumerated in § 1B1.13(b)(1)(A)-(C), he fails to meet his burden to show that he is entitled to compassionate release because of his medical conditions.

### B.　Family Circumstances

In his August 17, 2023 motion, Mr. Huffman claims that his "elderly parents are in need of [a caretaker since] his father is currently going through chemo and his mother is [barely] able to walk."  ECF 85 at 6.  He also asserts in his subsequent motion that his parents "need his help dearly because fatal [consequences] threat[en] his family's structure, unity, and stability."  ECF 86 at 7.

§ 1B1.13(b)(3)(C) provides that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may constitute an extraordinary and compelling reason to justify compassionate release.  Critical to §1B1.13(b)(3)(C) is the requirement that the "defendant [be] the sole available caregiver for his . . . closely related and incapacitated adult."  United States v. Burrough, 2022 WL 2318512, at *5 (W.D.N.C. June 28, 2022);

United States v. Snyder, No. 7:14-CR-27, 2023 WL 3467221, at *3 (W.D. Va. May 15, 2023) (denying compassionate release to defendant in part because the record did not support the allegation that defendant was the sole potential caregiver for her elderly and ailing mother).

In this instance, Mr. Huffman has not shown such reasons exist entitling him to compassionate release based on family circumstances. Mr. Huffman fails to provide any evidence to show how he would care for his parents, that they require a caretaker, or that he is the only potential caregiver for them. Indeed, he indicates in his brief to the court that they have the option to enter a nursing home, though he fails to suggest whether such a move is imminent. ECF 86 at 2.[5]

### C. Rehabilitation

Mr. Huffman next contends that a reduction in his sentence is warranted due to his rehabilitative activities during confinement. Rehabilitation of the defendant may be considered pursuant to 28 U.S.C. § 994(t), though

---

[5] The presentencing report shows that Mr. Huffman's financial condition is dire, with child support arrearages owed to his five children accounting for the greatest share of his liabilities. ECF 41 at ¶ 119. It also shows that Mr. Huffman has not maintained employment outside of prison for more than a few months since 2016. Id. at ¶¶ 115-118. It is unclear how Mr. Huffman could support his ailing parents given his inability to satisfy his other familial obligations.

"rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of the [P]olicy [S]tatement." § 1B1.13(d).

He provides that he has participated in several classes "in a good faith effort to increase the chances of becoming a productive member of society." ECF 86 at 6; ECF 85 at 2. Specifically, he details in his August 2023 motion that he maintained a clear disciplinary report and completed several "first step" classes while in prison. Id. Further, he states that he voluntarily pursued employment and had been employed for 32 months at the time of his November 2023 motion. Id.; see also ECF 85 at 2.

While the court appreciates Mr. Huffman's rehabilitation efforts while incarcerated, rehabilitation alone may not serve as a basis for compassionate release. McCoy, 981 F.3d at 286, n. 9; Davis, 2022 WL 127900; 28 U.S.C. § 944(t). Accordingly, the court finds the generally commendable conduct he reports does not alone support compassionate release.

### D. Conviction and Sentencing Errors

Finally, Mr. Huffman alleges errors with his conviction and sentence enhancement as grounds for compassionate release. Mr. Huffman argues that no one informed him that

11

agreeing to his plea offer would disqualify him from First Step Act credit. He similarly challenges an imposed sentence enhancement, contending that the court incorrectly sentenced him under the enhancement in 18 U.S.C. § 924(c)(1)(A). ECF 85 at 2-3; ECF 86 at 4-6.[6]

"[A] compassionate release motion cannot be used to challenge the validity of a defendant's convictions or sentence." United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2022), cert. denied, 144 S. Ct. 1007, 218 L. Ed. 2d 172 (2024) (affirming the district court's foreclosure of a defendant's collateral attack on a conviction through a motion for compassionate release and requiring the defendant to pursue the established procedures for doing so). The appropriate mechanism by which to assert these claims would be under 28 U.S.C. § 2255, as it is "'[t]he exclusive remedy' for

---

[6] The enhancement provided for in § 924(c)(1)(A)(i) requires the court to impose a five-year sentence enhancement on defendants who carry or possess a firearm during and in relation to any drug trafficking crime. It provides, in relevant part,

> . . . any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of . . . drug trafficking . . . be sentenced to a term of imprisonment not less than 5 years . . .

18 U.S.C. § 924(c)(1)(A)(i).

challenging a federal conviction or sentence after the conclusion of the period for direct appeal, 'unless [§ 2255] is inadequate or ineffective,' in which case the defendant may file a 28 U.S.C. § 2241 petition for [writ of] habeas corpus pursuant to the savings clause at § 2255(e).  Id. at 270 (citing United States v. Simpson, 27 F. App'x 221, 224 (4th Cir. 2001) (Traxler, J., concurring); Farkas v. Warden, FCI Butner II, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255.  There is one exception: If § 2255 appears 'inadequate or ineffective,' then § 2255(e) provides that a federal prisoner may apply for a writ of habeas corpus under § 2241.").  The court therefore declines to consider Mr. Huffman's challenges to his conviction and sentence through his motions for compassionate release.

## IV. Conclusion

In light of the foregoing, the court DENIES Mr. Huffman's August 17, 2023 and November 16, 2023 motions for compassionate release.  Inasmuch as Mr. Huffman has shown no basis for the relief requested, his motion for appointment of counsel is hereby DENIED.

The Clerk is directed to transmit copies of this order to the defendant, all counsel of record, the United States

Probation Office, the United States Marshal, and to the Federal Bureau of Prisons.

      ENTER: June 18, 2024

      _____
      John T. Copenhaver, Jr.
      Senior United States District Judge